1
2
3
4
5
6
7
8
9
10
11
12
13

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

WILLIAM LEONARD,                          )        3:06-CV-00559-LRH (RAM)
                                          )
        Plaintiff,                     )
                                          )
vs.                                       )        **REPORT AND RECOMMENDATION**
                                          )        **OF U.S. MAGISTRATE JUDGE**
ELDON K. MCDANIEL, et. al.,               )
                                          )
        Defendants.                    )
_____ )

14
15
16

       This Report and Recommendation is made to the Honorable Larry R. Hicks, United States District Judge.  The action was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and the Local Rules of Practice, LR IB 1-4.

17
18
19
20

       Before the court is Defendants' Motion for Summary Judgment (Doc. #37).  Plaintiff opposed the motion (Doc. #43) and Defendants replied (Doc. #53).[1]  Also before the court is Plaintiff's Motion for Court Order to Continue Legal Assistance (Doc. #40).  Defendants opposed the motion (Doc. #45) and Plaintiff did not reply.

21
22
23

       The court has thoroughly reviewed the pleadings and the record and recommends Defendants' motion for summary judgment be granted in part and denied in part.  The court further recommends Plaintiff's motion to continue legal assistance be denied.

24

**I. BACKGROUND**

25
26
27
28

       [1] Also before the court is Plaintiff's Motion for Enlargement of Time to File Opposition to Motion for Summary Judgment (Doc. #39); Motion for Court to Hold Evidence (Doc. #42); Motion for Court Order (Doc. #46); and Motion for Court to Review New Evidence (Doc. #47).  The court considered all pleadings and evidence on file in regards to Defendants' Motion for Summary Judgment (Doc. #53), which form the basis of Plaintiff's pending motions; thus, Plaintiff's motions (Docs. #42, 47 and 46) are **DENIED as MOOT**.

1    Plaintiff is a prisoner in Ely State Prison (ESP) in Ely, Nevada in the custody of the

2    Nevada Department of Corrections (NDOC) (Doc. #1).  Plaintiff brings his complaint pursuant

3    to 42 U.S.C. § 1983, alleging state officials violated his First, Fifth, Eighth and Fourteenth

4    Amendment rights (Doc. #1 at 5).  Plaintiff also alleges state official violated state law (*Id.*).

5    Plaintiff names the following Defendants in their official and individual capacities: Eldon K.

6    McDaniel, as Director of ESP; and Glen Whorton as Director of NDOC (*Id.* at 6).

7    Plaintiff essentially alleges Defendants violated his constitutional rights by arbitrarily,

8    capriciously, maliciously and retaliatorily retaining Plaintiff in High Risk Potential (HRP)

9    status in excess of thirteen (13) years without legal authority and without due process of law

10   (*Id.* at 8).  Plaintiff asserts he has a protected liberty interest in his HRP status, as such status

11   deprives him of the ordinary incidents of Condemned Men's Unit (CMU) life (*Id.* at 12).

12   Plaintiff does not label individual causes of action, as his First and Second Causes of Action

13   are actually Plaintiff's requests for relief (*Id.* at 11-15).  However, in construing Plaintiff's

14   complaint liberally, it appears Plaintiff is asserting the following causes of action:

15       1)   Violation of Plaintiff's Fourteenth Amendment right to Equal Protection for

16           arbitrarily, capriciously and maliciously continuing to classify Plaintiff in HRP

17           status while treating similarly situated inmates differently (*Id.* at 8).[2]

18       2)   Violation of Plaintiff's Fourteenth Amendment right to Due Process for failing

19           to serve Plaintiff with proper notice regarding hearings held on his HRP status

20           (*Id.*).

21       3)   Violation of Plaintiff's Fourteenth Amendment right to Due Process because AR

22           521, IP 4.34 and IP 5.01 are vague, ambiguous and overly broad (*Id.* at 14).[3]

23

24

---

25   [2] Defendants did not raise this claim in their motion for summary judgment; thus it is not an issue before
26   the court.

27   [3] Defendants did not raise this claim in their motion for summary judgment; thus it is not an issue before
     the court.

28                                                    2

3)     Violation of Plaintiff's Eighth Amendment right against cruel and unusual punishment for maintaining Plaintiff in HRP status for approximately thirteen (13) years and potentially indefinitely (Doc. #1 at 8-9).

4)     Violation of Plaintiff's First Amendment right against retaliation by keeping Plaintiff in HRP status due to Plaintiff invoking his Fifth Amendment right to remain silent with respect to the alleged conduct that forms the basis of Defendant McDaniel's decision to keep Plaintiff in HRP status (*Id*. at 9).[4]

5)     Violations of various Nevada statutes by Defendant McDaniel (including NRS 209.111(3), 209.131(6), 209.161(1), 209.351, 209.361(1)(3), 209.371, 212.010(1)(2) and 212.020(1)(b)(2)) by placing Plaintiff in an unauthorized classification without authority and promulgating a "phantom" policy without lawful authority (*Id*. at 13-14).

Plaintiff requests the following relief: declaratory relief, injunctive relief, exemplary damages, general damages, special damages, and attorney's fees and costs (*Id*. at 16-17).

## II.  MOTION FOR SUMMARY JUDGMENT

### A.  LEGAL STANDARD

The purpose of summary judgment is to avoid unnecessary trials when there is no dispute as to the facts before the court. *Northwest Motorcycle Ass'n v. U.S. Dep't of Agric.*, 18 F.3d 1468, 1471 (9th Cir. 1994). The moving party is entitled to summary judgment where, viewing the evidence and the inferences arising therefrom in favor of the nonmovant, there are no genuine issues of material fact in dispute and the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(c); *Bagdadi v. Nazar*, 84 F.3d 1194, 1197 (9th Cir. 1996). Judgment as a matter of law is appropriate where there is no legally sufficient evidentiary basis for a reasonable jury to find for the nonmoving party. FED. R. CIV. P. 50(a). Where reasonable minds could differ on the material facts at issue, however, summary judgment is not

---

[4] Defendants did not raise this claim in their motion for summary judgment; thus it is not an issue before the court.

1  appropriate. *Warren v. City of Carlsbad*, 58 F.3d 439, 441 (9th Cir. 1995), *cert. denied*, 516

2  U.S. 1171 (1996).

3        The moving party bears the burden of informing the court of the basis for its motion,

4  together with evidence demonstrating the absence of any genuine issue of material fact.

5  *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).  Once the moving party has met its burden,

6  the party opposing the motion may not rest upon mere allegations or denials of the pleadings,

7  but must set forth specific facts showing there is a genuine issue for trial. *Anderson v. Liberty*

8  *Lobby, Inc.*, 477 U.S. 242, 248 (1986).  Although the parties may submit evidence in an

9  inadmissible form, only evidence which might be admissible at trial may be considered by a

10  trial court in ruling on a motion for summary judgment. FED. R. CIV. P. 56(c); *Beyene v.*

11  *Coleman Sec. Serv., Inc.*, 854 F.2d 1179, 1181 (9th Cir. 1988).

12        In evaluating the appropriateness of summary judgment, three steps are necessary:

13  (1) determining whether a fact is material; (2) determining whether there is a genuine issue

14  for the trier of fact, as determined by the documents submitted to the court; and (3)

15  considering that evidence in light of the appropriate standard of proof. *Liberty Lobby*, 477

16  U.S. at 248.  As to materiality, only disputes over facts that might affect the outcome of the

17  suit under the governing law will properly preclude the entry of summary judgment; factual

18  disputes which are irrelevant or unnecessary will not be considered. *Id*.  Where there is a

19  complete failure of proof concerning an essential element of the nonmoving party's case, all

20  other facts are rendered immaterial, and the moving party is entitled to judgment as a matter

21  of law. *Celotex*, 477 U.S. at 323.  Summary judgment is not a disfavored procedural shortcut,

22  but an integral part of the federal rules as a whole. *Id*.

23  **B.   DISCUSSION**

24        Defendants request summary judgment on Plaintiff's claims asserting the following

25  arguments: 1) alleged violations of state law do not state a claim of constitutional magnitude;

26  2) Defendants, sued in their official capacities, are entitled to Eleventh Amendment immunity;

27  3) Plaintiff's claims are barred by the statute of limitations; 4) Plaintiff has not been subject

28  4

to cruel and unusual punishment; 5) Plaintiff received adequate due process with respect to his HRP status; 6) Defendants are entitled to qualified immunity; and 7) with respect to Plaintiff's state law claims, they are entitled to discretionary act immunity (Doc. #37). Defendants also argue that broad deference must be given to prison officials and Plaintiff has provided no evidence in the form of affidavits and/or other discoverable evidence to support his claims (*Id.* at 7-8).

Plaintiff argues Defendants' violations of state law resulted in an infringement on his federally protected rights; Defendants are not entitled to Eleventh Amendment immunity because he is suing for injunctive relief; Plaintiff's claims are not barred by the statute of limitations because he did not discover the critical facts of his injury until a fellow inmate made significant discovery in his case regarding a similar injury; Plaintiff has been subjected to cruel and unusual punishment[5]; Plaintiff was not afforded proper due process with respect to his HRP status; Defendants are not entitled to qualified immunity; and Defendants are not entitled to discretionary act immunity (Doc. #43). Plaintiff further alleges his Equal Protection rights were violated and Defendants retaliated against him for not admitting to the charges used to classify him in HRP status (Doc. #43-2 at 5-9).[6]

Defendants respond that Plaintiff has failed to provide admissible evidence tending to support his complaint (Doc. #53 at 3-6). Defendants reiterate that broad discretion should be given to prison officials by federal courts; Plaintiff's state law violations do not state a claim of constitutional magnitude; Defendants, sued in their official capacities, should be dismissed; this action is barred by the statute of limitations; Plaintiff has not been subjected to cruel and unusual punishment; Plaintiff was afforded proper due process with respect to his HRP status;

---

[5] Plaintiff argues he has been subjected to cruel and unusual punishment; however, Plaintiff alleges deliberate indifference to his serious medical needs in his opposition (Doc. #43 at 25-26). Plaintiff has not pled an Eighth Amendment violation of his serious medical needs in his complaint; therefore, the court did not consider Plaintiff's arguments with respect to this new unasserted claim.

[6] Plaintiff also alleges Defendants violated the Ex Post Facto Clause when they placed him in HRP status prior to that status becoming lawful (Doc. #43-2 at 8). Plaintiff has not pled an Ex Post Facto clause claim in his complaint; therefore, the court did not consider Plaintiff's arguments with respect to this unasserted claim.

5

1    and Defendants are entitled to qualified immunity and discretionary act immunity (*Id.* at 6-

2    10).  Defendants also respond that Plaintiff has failed to state a viable equal protection claim;

3    however, they did not raise this claim in their motion (*Id.* at 11).  Defendants did not respond

4    to Plaintiff's First Amendment retaliation argument, nor do they address this claim in their

5    motion.

6            **1.       Defendants' Objections to Plaintiff's Evidence**

7            Defendants essentially object to all of Plaintiff's documents attached to his opposition

8    on the grounds that they lack foundation, authentication and identification (Doc. #53 at 6).

9    Defendants further object asserting that "in some instances" they lack personal knowledge,

10   the probative value of many exhibits is substantially outweighed by the danger of unfair

11   prejudice, and most of the documents are irrelevant to the issues before the court (*Id.*).

12           Defendants do not make specific objections with respect to any specific documents;

13   rather, they assert general objections to all documents and expect the court to comb through

14   the documents to determine which objections apply to which documents.  As a district court

15   in the Eastern District of California, faced with similar objections, so eloquently put:

16           Although this trend in objecting to every stitch of paper submitted in opposition
             to a summary judgment motion appears to be becoming all the rage, the practice
17           is simply not helpful.  Absent a specific and legitimate showing that a particular
             item of evidence is not admissible and its consideration is prejudicial, these
18           scatter shot objections detract from, rather than support one's confidence in the
             motion.
19
20   *Atkinson v. Kofoed*, 2008 WL 508410, 3 (E.D. Cal. 2008) (official citation not available).

21           The court declines to comb through Plaintiff's documents in an attempt to meet

22   Defendant' burden for them; thus, Defendants' objections are **OVERRULED**.

23           **2.       State Law Violations Under § 1983**

24           When a violation of state law causes the deprivation of a right protected by the United

25   States Constitution, that violation may form the basis for a Section 1983 action.  *Hallstrom*

26   *v. City of Garden City*, 991 F.2d 1473, 1482, n.22 (9th Cir. 1993) (holding that the violation

27   of a state law requiring a post-arrest hearing before a magistrate judge constituted a cause

28                                                    6

of action under Section 1983 ), *cert. denied*, 510 U.S. 991 (1993). Section 1983 limits a federal court's analysis to the deprivation of rights secured by the federal "Constitution and laws." 42 U.S.C. § 1983. To the extent that the violation of a state law amounts to the deprivation of a state-created interest that reaches beyond that guaranteed by the federal Constitution, Section 1983 offers no redress. *Brown v. Nutsch*, 619 F.2d 758, 764 (8th Cir. 1980); cf. *Hallstrom*, 991 F.2d at 1482, n. 22; *see also Lovell By and Through Lovell v. Poway Unified School Dist.*, 90 F.3d 367, 370-371 (9th Cir. 1996).

Defendants essentially argue that violations of state law are not cognizable under § 1983 unless the violation results in an infringement of a federally protected right (Doc. #37 at 8). In the instant motion, Defendants simply state the standard for stating state law claims in a § 1983 action, then conclude that Plaintiff's complaint must be dismissed (*Id.* at 8-9). Defendants make no specific arguments with respect to any of Plaintiff's claims. Then, in their reply Defendants contend that Plaintiff only "submits arguments and does not substantively address the MSJ points of the Defendants" with respect to their mere legal conclusion that Plaintiff's motion must be dismissed on this basis (Doc. #53 at 9). Defendants then assert the court should ignore Plaintiff's comments (*Id.*).

The court feels it necessary to remind Defendants that the moving party bears the burden of informing the court of the basis for its motion, *together with evidence demonstrating the absence of any genuine issue of material fact. Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Merely stating a legal standard and then drawing the legal conclusion that Plaintiff's complaint should be dismissed based on that standard without making any specific arguments with respect to any of Plaintiff's claims is insufficient for Defendants to meet their burden. As previously stated, the court declines to comb through the documents to meet Defendants burden for them. Accordingly, Defendants' request to

1   dismiss Plaintiff's complaint on the basis that state law violations do not state a claim of

2   constitutional magnitude should be **DENIED**.[7]

3   ### 3.   Eleventh Amendment Immunity

4   The Eleventh Amendment bars suits for money damages in federal court by a citizen

5   against a state or its agencies unless the state has waived such immunity or Congress has

6   abrogated such immunity by statute. *Seminole Tribe of Florida v. Florida*, 517 U.S. 44 (1996).

7   Thus, Defendants correctly assert that to the extent the Plaintiff's claims against them in their

8   official capacities are for money damages, no claim will lie.  However, Plaintiff also requests

9   injunctive relief against Defendants in their official capacities and a federal court's remedial

10  power, consistent with the Eleventh Amendment, includes prospective injunctive relief. *Quern*

11  *v. Jordan*, 440 U.S. 332, 338 ("a federal court, consistent with the Eleventh Amendment, may

12  enjoin state officials to conform their future conduct to the requirements of federal law…").

13  Thus, Plaintiff's "comments" with respect to Eleventh Amendment immunity are not

14  "irrelevant and of no substantive concern for consideration" as Defendants contend (Doc. #53

15  at 9).

16  To the extent Plaintiff is suing Defendants in their official capacities for prospective

17  injunctive relief, the Eleventh Amendment does not bar Plaintiff's suit.  Accordingly, dismissal

18  of Defendants in their official capacities on Eleventh Amendment immunity grounds should

19  be **DENIED**.

20  ///

21  ///

22  ///

23  ///

24  ///

25  ///

26

27      [7] The court notes Plaintiff's complaint is replete with allegations of constitutional violations and not merely state law violations.

28

8

### 4.   **Statute of Limitations**

Section 1983 does not contain its own statute of limitations; therefore, the federal courts borrow the statute of limitations for § 1983 claims applicable to personal injury claims in the forum state. *Wilson v. Garcia*, 471 U.S. 261, 279-80 (1985).  If there are multiple statutes of limitation for various types of personal injury claims, the residual statute of limitations for personal injury claims is to be applied. *Owens v. Okure*, 488 U.S. 235 (1989). If there is no residual statute of limitations for personal injury claims, the general residual statute of limitations applies. *Id.*

In Nevada, the applicable residual statute of limitations for personal injury claims applicable to § 1983 claims is two years. NRS 11.190(4)(e).  Therefore, under the applicable statute of limitations, Plaintiff had two (2) years within which to commence the instant suit. *Perez v. Seevers*, 869 F.2d 425, 426 (9th Cir. 1989).  An action is deemed to be commenced when the complaint is filed. *Id.*  In the Ninth Circuit, a complaint is considered filed when it is "constructively filed" or delivered to the clerk of court. *United States v. Dae Rim Fishery Co., Ltd.*, 794 F.2d 1392, 1395 (9th Cir. 1986) ("The complaint is 'filed' when it is placed in the actual or constructive possession of the clerk.").

A claim accrues when the plaintiff knows or has reason to know of the injury which is the basis of the action. *TwoRivers v. Lewis*, 174 F.3d 987, 991-992 (9th Cir. 1999).  Thus, under applicable Nevada and federal law, Plaintiff must show either: 1) that Defendant's last acts alleged to have caused Plaintiff's injuries, which Plaintiff knew or had reason to know formed the basis of this action, occurred within two (2) years of filing his complaint; or 2) that Plaintiff can invoke an exception to the statute of limitations.

Defendants assert the court should view the entire case from the time period of two (2) years prior Plaintiff filing his complaint (Doc. #37 at 10).  Defendants further assert Plaintiff has not met his burden of showing a continuing violation; thus, any alleged actions or inactions made prior to September 9, 2004 are time barred (*Id.* at 11).

1    Plaintiff does not dispute that the initial act of classifying Plaintiff in HRP status

2    occurred in 1993, approximately fourteen (14) years ago.  Plaintiff argues, however, that he

3    did not discover the critical facts of his injury and its cause until a fellow inmate, Sells, Jr.,

4    made significant discovery in his case (Doc. #43 at 23).[8]  Thus, Plaintiff argues the court

5    should apply the discovery rule to the instant action (*Id.*).

6    Defendants respond that Plaintiff's "ignorance" claim is incredulous, as he waited over

7    thirteen (13) years to file his complaint (Doc. #53 at 9).  Defendants further respond that

8    Plaintiff offers no admissible evidentiary facts to explain and justify his unbelievable assertions

9    (*Id.*).

10    _____While the federal courts borrow the forum state's statute of limitations for § 1983

11    claims, the courts "borrow no more than necessary." *Two Rivers v. Lewis*, 174 F.3d 987, 991

12    (9th Cir. 1999) (*citing West v. Conrail*, 481 U.S. 35, 39-40 (1987)).  Thus, federal law, not state

13    law, determines when a civil rights claim accrues. *Id.*  As previously stated, under federal law,

14    a claim accrues when the plaintiff knows or has reason to know of the injury which is the basis

15    of the action. *Kimes v. Stone*, 84 F.3d 1121, 1128 (9th Cir. 1999).

16    Plaintiff essentially alleges the injury, which forms the basis of his action, is Defendants'

17    purported illegal classification of him in HRP status when no such status existed; the

18    unconstitutional keeping of him on said status for approximately fourteen (14) years without

19    due process of law and in retaliation for not admitting to facts that formed the basis of his

20    status; and the subjection of him to cruel and unusual punishment during those fourteen (14)

21    years.  Plaintiff asserts the discovery rule applies because he was simply not aware that

22    Defendants allegedly had no authority to classify Plaintiff on this "phantom" status until

23    another inmate challenged the condition of confinement.  Plaintiff's argument fails.

24

25

26    [8] Plaintiff does specify a date when he discovered the critical facts of his injury or when fellow inmate Sells,
Jr. made significant discovery in his case.  However, the court notes that William Cato Sells, Jr. filed his action,

27    to which Plaintiff refers, on January 13, 2006 (*See* Case #: 3:06-cv-00023-LRH-VPC).

28

1   The record shows, whether or not Plaintiff knew if there was a regulation in place with
2   respect to the HRP classification back in 1993, he did dispute his classification in HRP status
3   even then and repeatedly refused to speak at hearings for said status because he disputed the
4   facts stated by Defendants as the reason for placing and retaining him on HRP status. In fact,
5   Plaintiff alleges he remained silent because he refused to admit to events that he claims are
6   untrue (Doc. #1 at 9). Plaintiff also asserts he was denied due process at each of his hearings
7   held from 1993 through 2007. The discovery rule does not require proper notice under Due
8   Process standards in order to impute knowledge to Plaintiff of the injury forming the basis
9   of this action. The discovery rule merely requires Plaintiff know or have reason to know of
10  the injury that forms the basis of this action. Plaintiff clearly knew of the facts giving rise to
11  his alleged injury at the time of his initial classification. Thus, under the discovery rule, any
12  claims dealing with Defendants' actions that took place more than two (2) years prior to the
13  commencement of this action, on September 9, 2006, are barred by the statute of limitations.

14  Plaintiff has numerous claims apparently taking place between 1993 through the
15  present; thus, the court declines to "view[] the entire case" from the time period of two (2)
16  years as Defendants posit, particularly where Defendants have failed to point to *any* specific
17  claim that falls outside the statute of limitations. Accordingly, Defendants' request to dismiss
18  the entire action based on statute of limitations grounds should be **<u>DENIED</u>**. Defendants'
19  request to dismiss claims that accrued prior to September 9, 2004, however, should be
20  **<u>GRANTED</u>**.

21      **5.     <u>Eighth Amendment Cruel and Unusual Punishment</u>**

22  Conditions of confinement may, consistent with the Constitution, be restrictive and
23  harsh. *See Rhodes v. Chapman*, 452 U.S. 337, 347 (1981). Prison officials must, however,
24  provide prisoners with "food, clothing, shelter, sanitation, medical care, and personal safety."
25  *Toussaint v. McCarthy*, 801 F.2d 1080, 1107 (9th Cir. 1986). "It is undisputed that the
26  treatment a prisoner receives in prison and the conditions under which [the prisoner] is

27

28                                              11

confined are subject to scrutiny under the Eight Amendment." *Helling v. McKinney*, 509 U.S. 25, 31 (1993); *see also Farmer v. Brennan*, 511 U.S. 825, 832 (1994).

Under the Eighth Amendment, where inmates challenge prison conditions, the Supreme Court has applied a "deliberate indifference" standard.  Deliberate indifference is a high legal standard. *Toguchi v. Chung*, 391 F.3d 1051, 1060 (9th Cir. 2004).  A showing of negligence is insufficient to establish a violation under the Eighth Amendment. *Toguchi*, 391 F.3d at 1060.  Instead, Plaintiff must meet two (2) requirements in order to show Defendants acted deliberately indifferent.  First, Plaintiff must show, as an objective matter, that Defendants' actions rise to the level of a "sufficiently serious" deprivation. *Farmer*, 511 U.S. at 834; *see also, Rhodes*, 452 U.S. at 345-346; *Wilson v. Seiter*, 501 U.S. 294, 298 (1991). Second, as a subjective matter, Plaintiff must show Defendants had a "sufficiently culpable state of mind." *Farmer*, 511 U.S. at 834.  In other words, Plaintiff must show Defendants knew he faced a substantial risk of harm and disregarded that risk by failing to take reasonable measures to abate it either by their actions or inactions. *Id.* at 837.  Plaintiff need not show Defendants acted or failed to act believing that harm actually would befall him; it is enough that Defendants acted or failed to act despite having knowledge of a substantial risk of serious harm. *Id.* at 842.

When determining whether the conditions of confinement meet the objective prong of the Eighth Amendment analysis, the court must analyze each condition separately to determine whether that specific condition violated the Eighth Amendment. *See Cabrales v. County of Los Angeles*, 864 F.2d 1454, 1462 (9th Cir. 1988); *Toussaint*, 801 F.2d at 1107; *Hoptowit*, 682 F.2d at 1246-1247.  "*Some* conditions of confinement may establish an Eighth Amendment violation 'in combination' when each would not do so alone, but only when they have a mutually enforcing effect that produces the deprivation of a single, identifiable human need such as food, warmth, or exercise – for example, a low cell temperature at night combined with the failure to issue blankets." *Wilson*, 501 U.S. at 304 (emphasis in original). When considering the conditions of confinement, the court should also consider the amount

12

1    of time to which the prisoner was subjected to the condition. *See Hutto v. Finney*, 437 U.S.

2    678, 686-687 (1978); *Hoptowit*, 682 F.2d at 1258.

3          Here, again, Defendants provide the court with three (3) pages of legal standard for

4    determining whether Plaintiff has stated a valid Eighth Amendment violation and then simply

5    conclude that "Plaintiff's allegations that he has been subjected to cruel and unusual

6    punishment must fail as a matter of law." (Doc. #37 at 11-15).  Defendants do not make any

7    specific argument as to why Plaintiff's allegations fail as a mater of law; in fact, once again

8    Defendants have failed to make any specific arguments whatsoever with respect to Plaintiff's

9    Eighth Amendment claim.  Defendants merely cite to additional Ninth Circuit authority stating

10   that the "Court should look to discrete areas of basic human needs." (*Id.* at 15).

11         The court need not comb through the pleadings in search of discrete areas of basic

12   human needs where Defendants have pointed to no discrete areas on which to look.  To

13   reiterate, merely stating a legal standard and then drawing a legal conclusion based on that

14   standard without making any specific arguments with respect to Plaintiff's actual claim is

15   wholly insufficient to meet the burden of establishing that summary judgment should be

16   granted on said claim.  And, again, the court declines to meet Defendants burden for them.

17   Accordingly, Defendants' request for summary judgment on Plaintiff's Eighth Amendment

18   claim should be **<u>DENIED</u>**.

19              **6.    <u>Fourteenth Amendment Due Process</u>**

20         The Fourteenth Amendment prohibits any state from depriving "any person of life,

21   liberty, or property, without due process of law," and protects "the individual against arbitrary

22   action of government." *Wolff v. McDonnell*, 418 U.S. 539, 558 (1974).  Those who seek to

23   invoke due process protections must establish one of these interests it at stake. *Wilkinson v.*

24   *Austin*, 545 U.S. 209 (2005). Here, Plaintiff asserts his classification in HRP status implicates

25   a liberty interest, thus, entitling him to procedural due process (Doc. #1).  An examination

26   of Plaintiff's Due Process claims requires the court answer two (2) questions: 1) Is there such

27

28                                                   13

1  a liberty interest? and 2) If so, what process is due? *Neal v. Shimoda*, 131 F.3d 818, 827 (9th

2  Cir. 1997).

3       A liberty interest may arise from either of two (2) sources: the due process clause or

4  state law. *Id*.; *see also Hewitt v. Helms*, 459 U.S. 460, 466 (1983); *Toussiant v. McCarthy*,

5  801 F.2d 1080, 1089 (9th Cir.1986), *cert. denied*, 481 U.S. 1069 (1987).  In the prison setting,

6  a liberty interest arising from the Constitution itself is implicated when conditions of

7  confinement "exceed[] the sentence in such an unexpected manner as to give rise to protection

8  by the Due Process Clause of its own force ..." *Sandin v. Conner*, 515 U.S. 472, 484 (1995);

9  *see also Vitek v. Jones*, 445 U.S. 480, 493 (1980) (transfer to mental hospital); *Washington*

10  *v. Harper*, 494 U.S. 210, 221-222 (1990) (involuntary administration of psychotropic drugs).

11  A state created liberty interest, on the other hand, is "generally limited to freedom from

12  restraint which, while not exceeding the sentence in such an unexpected manner as to give

13  rise to protection by the Due Process Clause ... nonetheless imposes atypical and significant

14  hardship on the inmate in relation to the ordinary incidents of prison life." *Sandin*, 515 U.S.

15  at 484.

16       Defendants do not dispute that Plaintiff has a liberty interest in his HRP status; thus,

17  the court need not address this issue.  Defendants argue, however, that Plaintiff was afforded

18  proper due process (Doc. #37 at 18).  Specifically, Defendants argue Plaintiff was provided

19  notice and was given a chance to present his views (*Id*.).  Defendants assert Plaintiff attended

20  the classification hearing in 1993, but refused to talk; and, thereafter, Plaintiff likewise was

21  given numerous chances to attend HRP review hearings and refused to participate (*Id*.).  Thus,

22  Defendants contend that Plaintiff was accorded full due process over the years continually

23  through 2007 (*Id*.).

24       Plaintiff argues he was not accorded full due process because he was not given proper

25  notice as to why he was being considered for HRP status (Doc. #43 at 27).  Plaintiff asserts

26  his initial 1993 classification was illegal (*Id*.).  Plaintiff also asserts he was only informed he

27  was being considered for HRP status for the assault on a staff member, not for any previous

28                                                14

1   murders or for being a suspected gang member or for being a serious escape risk (*Id*.).

2   Plaintiff further asserts he was not provided with written notice to enable him to marshal facts

3   and prepare a defense and he was not allowed to call witnesses and present documentary

4   evidence (*Id*. at 29). Thus, in short, Plaintiff asserts he was not accorded full due process over

5   the years continually through 2007 (Doc. #43-2 at 1).

6       Defendants respond simply that "Plaintiff has no relevant and tenable factual claim

7   or defense against Defendants' MSJ." (Doc. #53 at 10).

8       The parties do not dispute due process was required with respect to Plaintiff's HRP

9   classification.  And the parties do not dispute Plaintiff was provided with classification

10   hearings regarding said status.  The parties do dispute, however, whether proper due process

11   was accorded with respect to those hearings.  Given Defendants' failure to refute Plaintiff's

12   factual allegations that he was not accorded *proper* due process by pointing to *evidence* that

13   Plaintiff was, in fact, accorded *proper* due process, the court finds there are genuine issues

14   of material fact as to whether the purported due process given Plaintiff with respect to his HRP

15   status, beginning September 9, 2004, met constitutional muster.  Accordingly, Defendants'

16   request for summary judgment on Plaintiff's Fourteenth Amendment Due Process claim

17   should be **DENIED**.

18       **7.    Qualified Immunity**

19       "Qualified immunity protects government officials ... from liability for civil damages

20   insofar as their conduct does not violate clearly established statutory or constitutional rights

21   of which a reasonable person would have known." *Phillips v. Hust*, 477 F.3d 1070, 1079 (9th

22   Cir. 2007).  Under certain circumstances state officials are entitled to qualified immunity when

23   sued in their personal capacities. *Carey v. Nevada Gaming Control Board*, 279 F.3d 873, 879

24   (9th Cir. 2002).  When a state official reasonably believes his or her acts were lawful in light

25   of clearly established law and the information they possessed, the official may claim qualified

26   immunity. *Hunter v. Bryant*, 502 U.S. 224, 227 (1991) (per curiam); *Orin v. Barclay,* 272 F.3d

27   1207, 1214 (9th Cir. 2001).  Where "the law did not put the officer on notice that his conduct

28       15

1   would be clearly unlawful, summary judgment based on qualified immunity is appropriate."

2   *Saucier v. Katz*, 533 U.S. 194, 202 (2001).

3       In analyzing whether the defendant is entitled to qualified immunity, the court must

4   consider two issues.  First, the court must make a threshold inquiry into whether the Plaintiff

5   alleges a deprivation of a constitutional right. *Hope v. Pelzer*, 536 U.S. 730, 736 (2000);

6   *Saucier,* 533 U.S. at 201.  If no constitutional violation occurred, the court need not inquire

7   further. *Saucier*, 533 U.S. at 201.  If a constitutional violation did occur then the court must

8   next establish whether the right was clearly established at the time of the alleged violation such

9   that the official could have reasonably, but mistakenly, believed that his or her conduct did

10  not violate a clearly established right.  *Saucier*, 533 U.S. at 202.

11      Defendants argue they are entitled to qualified immunity because Plaintiff failed to

12  establish an Eighth Amendment violation and, assuming Plaintiff could establish such a

13  violation, Defendants could reasonably believe their conduct was lawful (Doc. #37 at 20-21).

14  As previously stated, Defendants made no specific arguments with respect to Plaintiff's Eighth

15  Amendment claim to establish they are entitled to summery judgment on that claim; therefore,

16  their argument that Plaintiff has failed to establish said claim lacks merit.  And, once again,

17  Defendants make no specific arguments informing the court why they reasonably believed

18  their conduct was lawful; thus, this conclusory statement fails to meet Defendants' burden

19  of putting forth sufficient facts and evidence to demonstrate the absence of any genuine issue

20  of material fact.  Defendants do not address any of Plaintiff's other claims with respect to

21  qualified immunity; thus, the court need not consider Plaintiff's remaining claims.

22  Accordingly, Defendants' request for summary judgment on grounds of qualified immunity

23  should be **DENIED**

24          **8.    Discretionary-Function Immunity**

25      NRS 41.031 contains Nevada's general waiver of sovereign immunity from suits arising

26  from acts of negligence committed by state employees.  The purpose of that waiver is to

27  compensate victims of government negligence in circumstances like those in which victims

28                                      16

of private negligence would be compensated. *Harrigan v. City of Reno*, 86 Nev. 678, 680, 475 P.2d 94, 95 (1970) (citing *Indian Towing Co. v. United States*, 350 U.S. 61, 65-69 (1955)). NRS 41.031 also contains exceptions.  One such exception is NRS 41.032, which precludes suits based on state law against the State, its employees, or any agencies or subdivisions for actions that are "discretionary" in nature. *Ortega v. Reyna*, 114 Nev. 55, 62, 953 P.2d 18, 23 (1998).

> NRS 41.032 provides, in pertinent part:

> [No] action may be brought under NRS 41.031 or against an immune contractor or an officer or employee of the state or any of its agencies or political subdivision which is:
> ....
> 2. Based upon the exercise or performance or the failure to exercise or perform a discretionary function or duty on the part of the state or any of its agencies or political subdivisions or of any officer, employee or immune contractor of any of these, whether or not the discretion involved is abused.

NRS 41.032.

The Nevada Supreme Court clarified its decisional law interpreting NRS 41.032's scope. *See Martinez v. Maruszczak*, 168 P.3d 720 (2007).  Turning to federal decisions to aid in formulating a workable test for analyzing claims under NRS 41.032(2), because NRS 41.032(2) mirrors the Federal Torts Claims Act (FTCA), the Court adopted the *Berkowitz-Gaubert* test, which entitles acts to discretionary-function immunity if they meet two requirements: 1) the acts alleged to be negligent must be discretionary, in that they involve an "element of judgment or choice", and 2) the judgment must be of the kind that the discretionary-function exception was designed to shield. *Martinez*, 169 P.3d at 727-728; *see also Butler v. Bayer*, ---- Nev. ----,---- 168 P.3d 1055, 1066 (2007).  The purpose of the FTCA exception, which NRS 41.032(2) mirrors, is to prevent judicial second-guessing of legislative and administrative decisions grounded in social, economic, and political policy through the medium of a tort action. *Martinez*, 499 U.S. at 323; *Berkowitz v. United States*, 486 U.S. 531, 537 (1988).  Thus, when properly construed, the exception only protects governmental actions and decisions based on considerations of public policy. *Martinez*, 499 U.S. at 323.

17

1    Defendants "respectfully submit[] that if the Court consideree (sic) that Plaintiff has

2    any state causes of action, they are barred by the doctrine of discretionary immunity." (Doc.

3    #37 at 23). Defendants also "respectfully submit[] the Plaintiff cannot bring a cause of action

4    for damages based upon alleged violations of the Nevada Constitution." (*Id*.).

5    Defendants obviously want the court to assume that all of their decisions with respect

6    to Plaintiff's state law claims were discretionary in nature; however, Defendants make no

7    arguments, nor provide the court with any analysis, showing their decisions were based on

8    considerations of public policy and were not, instead, retaliatory and deliberately indifferent

9    as Plaintiff alleges.   Thus, Defendants have failed to meet their burden of showing that each

10   of their decisions and judgments with respect to Plaintiff's state law claims must be of the kind

11   that the discretionary-function exception was designed to shield. *Martinez*, 169 P.3d at 727-

12   728. Accordingly, Defendants' request for summary judgment based on discretionary-function

13   immunity should be **DENIED**.

14   **III.  MOTION FOR COURT ORDER TO CONTINUE LEGAL ASSISTANCE**

15   **A.    LEGAL STANDARD**

16   In *Johnson v. Avery*, 393 US 483, 490 (1969), the Supreme Court held that it was

17   fundamental that access of prisoners to the courts for the purpose of presenting their

18   complaints may not be denied or obstructed, and that hence, until and unless a state provides

19   some reasonable alternative to assist inmates in the preparation of petitions for post-

20   conviction relief, the state cannot validly enforce a regulation barring inmates from furnishing

21   such assistance to other prisoners.  This "rule" has been expressed as a rule that inmate

22   assistance must be allowed in the absence of reasonable alternatives. *See* 23 A.L.R. Fed. 6.

23   Then, in *Bounds v. Smith*, 430 U.S. 817, 828 (1977), the Supreme Court held that the

24   fundamental constitutional right of access to the courts requires that the state provide

25   "adequate law libraries or adequate assistance from persons trained in the law." In The Ninth

26   Circuit, "[i]f the state denies a prisoner reasonable access to a law library, the state *must*

27

28                                                  18

1    *provide that prisoner legal assistance." Toussaint v. McCarthy*, 801 F.2d 1080, 1110 (9th Cir.

2    1986) (emphasis added), *cert. denied*, 481 U.S. 1069 (1987).

3    **B.   DISCUSSION**

4          Plaintiff, through his previous legal assistant C. Sells, Jr., requests the court continue

5    his legal assistance (Doc. #40).  Apparently, Defendant McDaniel rotated the HRP inmates

6    and separated Plaintiff from his legal assistant (*Id.* at 2).  Thus, the court construes Plaintiff's

7    request as a request for injunctive relief to provide meaningful access to his legal assistant.

8          Defendants argue that Plaintiff has failed to exhaust his administrative remedies with

9    respect to legal assistance; thus, the motion should be denied (Doc. #45).

10         The PLRA provides, in pertinent part, that "[n]o action shall be brought with respect

11   to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner

12   confined in any jail, prison, or other correctional facility until such administrative remedies

13   as are available are exhausted." 42 U.S.C. § 1997e(a).  The PLRA exhaustion requirement is

14   an affirmative defense that must be raised and proved by the defendant. *Wyatt v. Terhune*,

15   315 F.3d 1108, 1112 (9th Cir. 2003).  Exhaustion is mandatory; the district court is left with

16   no discretion. *Woodford v. Ngo*, 548 U.S. 81, 85 (2006).

17         Plaintiff is essentially trying to bring a new action (or a new claim) against Defendant

18   McDaniel for denying him access to the courts by denying or obstructing his legal assistance.

19   The PLRA is clear, no action shall be brought with respect to prison conditions until all

20   available administrative remedies are exhausted.  The record indicates Plaintiff failed to

21   exhaust his administrative remedies with respect to a denial of access to the courts claim.

22   Furthermore, Plaintiff has not requested to amend his complaint to assert any new claims;

23   thus, this claim, even if exhausted, is not currently before the court.  Accordingly, Plaintiff's

24   motion to continue legal assistance should be construed as a request for injunctive relief on

25   a new unasserted claim and should, therefore, be **DENIED**.

26

27

28                                              19

## RECOMMENDATION

**IT IS THEREFORE RECOMMENDED** that the District Judge enter an order **DENYING in part** and **GRANTING in part** Defendants' Motion for Summary Judgment (Doc. #37) as follows:

    1)      Defendants' request to dismiss claims that accrued prior to September 9, 2004 should be **GRANTED**.

    2)      The remainder of Defendants' motion for summary judgment should be **DENIED**.

**IT IS FURTHER RECOMMENDED** that the District Judge enter an order **DENYING** Plaintiff's Motion for Court Order to Continue Legal Assistance (Doc. #40).

The parties should be aware of the following:

1.      That they may file, pursuant to 28 U.S.C. § 636(b)(1)(c) and Rule IB 3-2 of the Local Rules of Practice, specific written objections to this Report and Recommendation within ten (10) days of receipt.  These objections should be titled "Objections to Magistrate Judge's Report and Recommendation" and should be accompanied by points and authorities for consideration by the District Court.

2.      That this Report and Recommendation is not an appealable order and that any notice of appeal pursuant to Rule 4(a)(1), Fed. R. Civ. P., should not be filed until entry of the District Court's judgment.

DATED:   August 6, 2008.

_____
UNITED STATES MAGISTRATE JUDGE

20